UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MICHAEL BLANCO,<br><br>    Petitioner,<br><br>v.<br><br>R. A. HOREL,<br><br>    Respondent. | Case No. EDCV 07-1606 RGK (AN)<br><br>**MEMORANDUM AND ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |

Before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") brought pursuant to 28 U.S.C. § 2254 by Michael Blanco ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Court finds the Petition is time-barred and dismissed with prejudice.

## I. BACKGROUND

The Petition raises seven claims directed at Petitioner's 2002 attempted murder, attempted robbery, conspiracy to commit robbery, and lesser included offense of assault with a deadly weapon convictions and his related prison sentence of eighty-seven years and four months to life in state prison that he sustained following a jury

1  trial in the California Superior Court for the County of Riverside (case no. RIF
2  091557). (Pet. 2; Attach. to Pet. ("Attach.") E, H; Official records of California
3  courts.[1])

4        On direct review, Petitioner filed a timely appeal with the California Court of
5  Appeal (case no. E032410) (Pet. 2; Attach. C; Official records of California courts)
6  and, on September 9, 2003, that court affirmed Petitioner's judgment of conviction but
7  reversed the judgment as to his sentence. The sentence was vacated and the case was
8  remanded for resentencing. (Pet. 3; Attach. E at 35-36; Official records of California
9  courts.) On October 15, 2003, the California Supreme Court received a petition for
10 review (case no. S119704) that was denied without comment on November 25, 2003.
11 (Pet. 3; Attachs. F, G; Official records of California courts.)

12       The face of the Petition, attachments, and state court records establish that on
13 April 5, 2004, Petitioner appealed the judgment of his resentencing to the court of
14 appeal (case no. E035628) that was affirmed on March 2, 2005. (Pet. 3; Attach. H;
15 Official records of California courts.) On April 7, 2005, the California Supreme Court
16 received a petition for review (case no. S132857) that was denied on May 11, 2005.
17 (Pet. 3; Attachs. I, J; Official records of California courts.)

18       On March 21, 2006, Petitioner constructively[2] filed a habeas petition with the

---

[1]  The Court takes judicial notice of the records of the state appellate courts, which are available on the Internet at http://www.appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]  Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The petition was filed by the clerk on April 3, 2006, however, for (continued...)

1  Riverside County Superior Court (case no. RIC 447473) that was denied on May 1,
2  2006. (Pet. 4; Attachs. K, L; Official records of California courts.) On August 2,
3  2006, Petitioner constructively filed a habeas petition with the court of appeal (case
4  no. E041275) that was denied without comment on October 11, 2006. (Pet. 4; Attachs.
5  M, N; Official records of California courts.) On February 6, 2007, Petitioner
6  constructively filed a habeas petition with the state's highest court (case no. S150198)
7  that was denied without comment on July 11, 2007. (Pet. 4-5; Attachs. O, P; Official
8  records of California courts.)

On November 19, 2007, Petitioner constructively filed the pending Petition. (Pet. 8.) Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the face of the Petition and attachments plainly disclosed that this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on December 18, 2007, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D). (See Dec. 18, 2007, Order to Show Cause Re Dismissal of Habeas Petition As Time-barred ("OSC").) The OSC discussed various bases for tolling and directed Petitioner to show cause why the action was not time-barred by filing a written response by January 7, 2008. (OSC 10:3-6.) The OSC warned Petitioner that, if he did not file a timely response to the OSC, he would waive his right to respond and his Petition would be dismissed with prejudice as time-barred without further notice. (OSC 10:18-23.) Petitioner constructively filed a timely response ("Response"). Subsequently, on January 22, 2008, Petitioner filed an Addendum to

---

[2]/ (...continued)
purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming the petition was constructively filed on the date he signed it, March 21, 2006. (Pet. 4; Exs. K, L.)

the Response ("Addendum").[3/] The matter now stands submitted.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Rule 4"), states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the prisoner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

AEDPA establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner was convicted on June 21, 2002, and the state's highest court denied his petition for review on May 11, 2005. Petitioner did not seek

---

[3/] By way of an attachment to the Response, Petitioner has submitted an Ex-Parte Motion for Stay of Proceedings and Hold Response in Abeyance Pending Additional Documentation from Prison Officials ("Ex Parte Motion"). Because the Ex Parte Motion was not filed as a separate document, it does not appear in the Court's docket. Nonetheless, the Court has considered it and, in light of the Addendum filed on January 22, 2008, Petitioner's Ex Parte Motion is denied as moot.

review with the United States Supreme Court, therefore, for purposes of AEDPA's limitation period, his judgment of conviction and sentence became final ninety days later, on August 9, 2005. *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court). The limitation period then started to run the next day, on August 10, 2005, and ended on August 9, 2006. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the statute of limitations begins to run on the day following the day of the triggering event pursuant to Federal Rule of Civil Procedure 6(a)).

Petitioner missed this deadline because he did not constructively file the pending Petition until November 19, 2007-- 467 days (over fifteen months) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's limitation period under 28 U.S.C. § 2244(d)(1).

**C.  Statutory Tolling**

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). In *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."

However, a state petition is only "pending" if filed within a "reasonable time." *Saffold*, 536 U.S. at 221; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (citing *Saffold*). Where a state court's order clearly shows the habeas petition was

Page 5

denied on timeliness grounds, "that [is] the end of the matter" and the untimely petition is not considered to be "properly filed" for purposes of § 2244(d)(2). *Saffold*, 536 U.S. at 226; *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807 (2005).

On March 21, 2006 -- 223 days after the one-year limitation period started to run on August 10, 2005 -- Petitioner constructively filed his first state habeas petition with the trial court and, on May 1, 2006, the petition was denied, leaving 142 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 223-day period, because there was no case "pending" during this interval. *See Nino*, 183 F.3d at 1006 (stating that AEDPA's limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval).

Petitioner is entitled to statutory tolling from March 21, 2006, to May 1, 2006, the period during which his first state habeas petition was pending in the trial court. Given forty-two days of statutory tolling, the limitation period was extended from August 9, 2006, to September 20, 2006.

Petitioner then waited until August 2, 2006 -- another ninety-three days after the first state habeas petition was denied on May 1, 2006 -- to constructively file his second state habeas petition with the court of appeal. Based upon *Evans*, the Court finds this ninety-three day delay unreasonable under California law.

In *Evans*, the United States Supreme Court recently held that, in the absence of a clear direction or explanation from the California Supreme Court as to what constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Evans*, 546 U.S. 198-99. In *Evans*, the Supreme Court applied the foregoing principles and found "a totally unexplained, hence unjustified" period of at least six months filing delay to be unreasonable under California law. *Id.* at 201. The Supreme

Court stated:

> [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*."

*Id*. Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

*Id*. at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the court of appeal, including habeas corpus decisions.)

In light of the Supreme Court's reasoning in *Evans*, and based on Petitioner's failure to set forth in his Petition and attachments any facts or explanation for the

significant delay, this Court finds that Petitioner is not entitled to statutory tolling for the ninety-three day (over three months) delay between the denial of his first state habeas petition and the constructive filing of his second habeas petition. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Evans*, 546 U.S. at 199-200 (finding no bright line rule, but determining six month delay not reasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (eighty-eight day delay unreasonable); *Ray v. Marshall*, No. CV F 06-1898 DLB HC, 2007 WL 3096157, at *3-4 (E.D. Cal. Oct. 22, 2007) (139 day delay unreasonable); *Jackson v. Ollison*, No. 06-CV-1123-IEG(AJB), 2007 WL 433188, at *5 (S.D. Cal. Jan. 23, 2007) (eight month delay unreasonable).

Petitioner is entitled to statutory tolling from August 2, 2006, to October 11, 2006, the period during which his second state habeas petition was pending in the court of appeal. Given seventy-one days of additional statutory tolling, the limitation period was again extended from September 20, 2006, to November 30, 2006. However, Petitioner waited until February 6, 2007 -- an additional 118 days -- before constructively filing his third state habeas petition in the California Supreme Court. Like the prior interval, based on *Evans*, the Court finds this unexplained, unjustified 118-day delay unreasonable under California law. It is also clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Evans*, 546 U.S. at 199-200; *see also Forrister*, 2007 WL 809991, at *2-3; *Ray*, 2007 WL 3096157, at *3-4; *Jackson*, 2007 WL 433188, at *5. As a result, the Court finds the interval between his second and third state habeas petitions constitutes an unreasonable delay.

Accordingly, the third habeas petition was constructively filed after the statute of limitation period expired, and has no tolling consequence. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001). Therefore, this Court concludes this Petition, constructively filed on November 19, 2007, is untimely by 354 days.[4]

**D.  Alternative Start of the Statute of Limitations**

   **1.  State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition, attachments, Response, and Addendum do not set forth any facts showing that Petitioner is entitled to relief under this provision.

   **2.  Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States

---

[4] Specifically, the 354 days represents the untolled time between the extended limitation deadline (November 30, 2006), and the Petition's constructive filing date (November 19, 2007).

Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(c). The face of the Petition, attachments, Response, and Addendum do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition, attachments, Response, and Addendum do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

## E. Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. A petitioner bears the burden of alleging facts that would give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has emphasized that determinations of "whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

In his Response and Addendum, Petitioner principally proffers two grounds for equitable tolling. As the ensuing analysis demonstrates, none of Petitioner's asserted grounds satisfy the *Pace* elements for equitable tolling.

### 1. Inadequate Law Library Claim

Petitioner claims equitable tolling is warranted because of restrictions on meaningful law library access due to emergency lockdown in violation of his due

process rights. (Resp. 2-4; Addendum 1-2.) He accuses prison officials of confiscating all of his legal materials and denying him priority access to the law library, causing a delay in filing his habeas petitions. (*Id.*) The Court notes that such restrictions do not generally qualify as an "extraordinary circumstance" sufficient to equitably toll the statute of limitations for federal habeas petitions. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling); *Wilders v. Runnels*, No. C031478 CRB (PR), 2003 WL 22434102, *3 (N.D. Cal. 2003); *Atkins v. Harris*, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2 (N.D. Cal. 1999).

Prison officials typically provide prison law libraries or legal assistants to ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174 (1996). However, prison officials of necessity must regulate the time, manner and place in which library facilities and legal assistant programs are used. *See Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985). Not surprisingly, lockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law library and legal assistant programs, generally do not qualify as "extraordinary circumstances." *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002). There is no due process violation so long as an inmate has the basic capability of presenting his claims to the courts, irrespective of the "capability of turning pages in a law library." *Lewis*, 518 U.S. at 356-57.

Petitioner tries to explain the long ninety-three day delay from the denial of his first superior court habeas petition to the constructive filing of the court of appeal habeas petition by arguing that he could not use the prison library to work on his petition during this time because (1) his legal materials were confiscated from June 24, 2006, to July 24, 2006, and (2) prison lockdowns confined him to his cell from June

24, 2006, to September 2006. (Resp. 2; Addendum 1, attach. A.) In support of his contention, Petitioner submits, by way of an attachment to the Addendum, a copy of the prison lockdown report. (*Id.*) However, Petitioner has not shown how these purported events delayed his filing. As noted above, Petitioner's first habeas petition was denied on May 1, 2006, and the prison lockdown occurred on June 24, 2006. This left Petitioner with almost two months in which he could have filed his second petition uninhibited by the prison lockdown. Further, despite Petitioner's alleged inability to use the library and access his legal materials through September 2006, he admitted, and the record established Petitioner managed to file his petition for court of appeal review on August 2, 2006. (Resp. 2; Addendum 1-2.) Indeed, this filing in the intermediate appellate court suggests he was not inhibited in any way from making a timely filing. Thus, Petitioner has failed to show any causal link between his alleged inability to use the library and access his materials and his failure to file a timely federal habeas petition. *See Allen v. Lewis,* 255 F.3d 798, 800-01 (9th Cir. 2001) ("at the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").

  Petitioner's inadequate law library claim fundamentally ignores the clearly established premise that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis,* 518 U.S. at 351. "[M]eaningful access to the courts is the touchstone . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered [his] efforts to pursue a legal claim." *Id.* Thus, Petitioner has failed to meet his burden of establishing the alleged limited access made timely filing *impossible. Brambles,* 412 F.3d 1066, 1069 (9th Cir. 2005).

  Further, even assuming for purposes of the timeliness analysis, equitable tolling is warranted because of restrictions on law library access and legal materials during

The foregoing shows that Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the *Pace* elements. Petitioner has not met his burden to show he was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running, nor has he established that any extraordinary circumstance beyond his control made it *impossible* for him to file the Petition on time, despite having an opportunity to do so. *Brambles*, 412 F.3d at 1069.

Therefore, the Court concludes that the face of the Petition, attachments, Response, Addendum, and state court records indicate the current action is time-barred.

## ORDER

The Court finds the Petition must be dismissed because it is time-barred for the reasons stated above and in the Court's OSC, and the Ex Parte Motion discussed in note 3 above, is denied as moot. Further, by way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice. The Clerk is directed to enter judgment dismissing the action with prejudice. Any and all pending motions are terminated.

DATED: FEB - 7 2008, 2008

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge